UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **20 Cr. 621 (LTS)** |
| Juan Jose De La Rosa Sanchez,<br>Antonio Zambrano,<br><br>      *Defendants.* | |

   Upon the application of the United States of America, with the consent of the undersigned

counsel, the Court hereby finds and orders as follows:

   1. **Disclosure Material.** The Government will make disclosure to the defendants of

documents, objects and information, including electronically stored information ("ESI"), pursuant

to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "disclosure material." The Government's disclosure material may include

material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if

prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii)

would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to

be disclosed to the public or disclosed beyond that which is necessary for the defense of this

criminal case.

   2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material,

referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) The defendants

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action.

2

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cellphones.

10. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

3

**Return or Destruction of Material**

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

Audrey Strauss
Acting United States Attorney

JACOB
GUTWILLIG  Digitally signed by JACOB GUTWILLIG
Date: 2021.01.09 12:53:51 -05'00'
by: _____          Date: _____
Jacob Gutwillig
Assistant United States Attorney


_____          Date: _____
Xavier Donaldson, Esq.
Counsel for Juan Jose De La Rosa Sanchez


_____          Date: _____
Mark Gombiner, Esq.
Counsel for Antonio Zambrano


SO ORDERED:

Dated: New York, New York
        January __, 2021


_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    Audrey Strauss
    Acting United States Attorney


by: _____        Date: _____
    Jacob Gutwillig
    Assistant United States Attorney


    *Xavier R. Donaldson*        Date: ___12/08/2020_____
    Xavier Donaldson, Esq.
    Counsel for Juan Jose De La Rosa Sanchez


_____        Date: _____
    Mark Gombiner, Esq.
    Counsel for Antonio Zambrano


SO ORDERED:

Dated: New York, New York
      January__, 2020


                      _____
                      HONORABLE LAURA TAYLOR SWAIN
                      UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

Audrey Strauss
Acting United States Attorney

by: _____     Date: _____
Jacob Gutwillig
Assistant United States Attorney


_____     Date: _____
Xavier Donaldson, Esq.
Counsel for Juan Jose De La Rosa Sanchez

_____     Date: _1/8/2021_____
Mark Gombiner, Esq.
Counsel for Antonio Zambrano

SO ORDERED:

Dated: New York, New York
       January 11, 2021


       _/s/ Laura Taylor Swain_____
       HONORABLE LAURA TAYLOR SWAIN
       UNITED STATES DISTRICT JUDGE

5